**FOSTER et al. v. McCLAIN.**
**No. 11811.**

Court of Civil Appeals of Texas. Galveston.
Oct. 31, 1946.

Paul W. Jeffrey and Philip M. Shafer, both of Houston, for appellants.

Devereaux Henderson and John A. Croom, both of Houston, for appellee.

MONTEITH, Chief Justice.

This suit was brought by appellee, Morley McClain, in statutory form of trespass to try title for the recovery from appellants, Sam C. Foster and his wife, Marie Foster, sometimes known as Marie Lamb, of four acres of land, a part of the Juan Sutton Survey, in Harris County, Texas, and for damages and rentals for the use of the improvements thereon.

Appellants answered by general denial and by a plea of not guilty. They claimed title to the land in controversy under deeds from Mary Ella Stovall and T. J. Stovall to Marie Lamb, dated January 31, 1938, and under deed from appellee, Morley McClain, to Marie Lamb, dated April 26, 1938. Appellee contended and introduced evidence to establish the fact that these conveyances were made to Marie Lamb in trust and

that the equitable title thereto was vested in him.

In answer to special issues submitted a jury found, in substance, that said deeds from Mary Ella Stovall and her husband, T. J. Stovall, to Marie Lamb, and from appellee to Marie Lamb, were not absolute conveyances but that they were conveyances made to her solely in trust for appellee; that appellee was not indebted to Marie Lamb at the time of the execution of the deed from Mary Ella Stovall and her husband to her and that he did not have this land deeded to her for the purpose of defeating judgment liens against h'm. They found that appellant, Sam C. Foster, did not pay a valuable consideration for said land without knowledge of the fact that it had been deeded to Marie Lamb in trust. Thirty-five dollars per month was found to be the reasonable rental value of the property in controversy.

Based on the answers to said special issues, judgment was rendered in favor of appellee and against appellants for the title to and possession of the land sued for and for rents and damages in the sum of $3,-220, appellee having made a remittitur of $105 of the amount of said judgment.

The land in controversy is described in appellee's pleadings and the instruments introduced in evidence by metes and bounds and as being the most easterly and southeasterly four acres out of a tract of 21.32 acres which had been conveyed to appellee, Morley McClain, by J. O. Ross and wife, the stipulated common source of title, by deed dated December 7, 1937. A vendor's lien was retained in the deed from J. O. Ross and wife to appellee to secure them in the payment of part of the purchase price and a deed of trust was executed by appellee as additional security therefor. In the latter part of 1937 appellee defaulted in the payment of these deferred payments and the land was sold at foreclosure sale under the terms of said deed of trust and was purchased by Mary Ella Stovall under an agreement with appellee that the four acres in controversy with the improvements thereon would be purchased for appellee, and that Mrs. Stovall would retain the balance of said 21.32 acres of land. By deed dated January 31, 1938, Mrs. Mary Ella Stovall and her husband, T. J. Stovall, conveyed the land in controversy to Marie Lamb for a recited consideration of ten dollars and other valuable considerations. By deed dated April 26, 1938, appellee conveyed said land to Marie Lamb for a recited consideration of one dollar and other valuable considerations. By deed dated September 12, 1938, Marie Lamb conveyed said four acres to appellant, Sam C. Foster. She was married to Sam C. Foster on April 3, 1939.

Appellant Marie Foster was known as Marie Lamb prior to her marriage to appellant, Sam C. Foster. T. J. Stovall testified that he had been employed by appellee to represent him in the foreclosure sale of said land under an agreement that appellee would get the four acres in controversy with the improvements thereon. He testified that the four acres in controversy had been deeded to Marie Lamb at appellee's request and that she did not pay any consideration therefor, and the improvements in question were located on the four acres in controversy.

Appellants base their appeal upon three main propositions. They contend: (1) That the description of the four acres in controversy contained in appellee's pleadings is indefinite and uncertain and that a survey of the land, made subsequent to the trial, disclosed that the improvements alleged to be located thereon which were occupied by appellants and for which damages were awarded appellee as rentals, were located on other lands in which appellee claimed no interest; (2) that certain judgment creditors of appellee should have been made parties to the suit; and (3) that appellee in conveying this property to Marie Lamb was attempting to place said property beyond the reach of his judgment creditors.

Appellants' contention that the description of the property in litigation in appellee's pleadings is indefinite and legally insufficient, and that the record in the suit shows that the improvements occupied by appellants for which damages were assessed

for their use and occupancy, are not located on the land involved in the suit, cannot, we think, be sustained.

In Volume 14, Texas Jurisprudence, page 298, § 201, it is stated that:

"The office of a description in a deed is not to identify the land but to furnish means of identification. It is not at all necessary that the deed shall contain such a full description as will enable the land to be ascertained without extrinsic testimony.

"A deed is not void for uncertainty, unless on its face the description cannot, by extrinsic evidence, be made to apply to any definite land."

In this case the record does not show that, on the trial of the case, appellants, by exception or otherwise, raised either the questions as to the uncertainty of the description of said four acres of land, or as to whether the improvements for which rentals were awarded as damages were located thereon, nor did they request the submission of issues on either question. This question was first presented by appellants in their amended motion for a new trial to which was attached an affidavit by a surveyor, employed by appellants subsequent to the trial, in which he stated that he had made a survey of said four acres of land and that the improvements in question were not located thereon.

In 31 Texas Jurisprudence, page 91, the rule is announced that: "When application is made for a new trial on the ground of newly discovered evidence, it is necessary that the applicant show that knowledge of the existence of the new evidence was acquired subsequent to the former trial, and that it was not owing to the want of diligence that such evidence was not discovered and obtained in time to be used when the case was tried; that the new evidence is material and not merely cumulative and that, if admitted, it would probably change the result upon another trial. The burden is upon the movant to establish each of these facts; * * *."

■ It is now, we think, well settled that the probative force of newly discovered evidence and its probable effect upon another trial are generally considered to be matters for the consideration and determination by the trial court, for the reason that the court who has heard the whole trial is necessarily familiar with all the phases of the case and in a better position than any one else to pass upon such issues. McCall v. Texas Dragline Co., Tex.Civ. App., 188 S.W.2d 243, and authorities there cited.

■ An indispensable element for the granting of a new trial on the ground of newly discovered evidence is due diligence on the part of the movants to discover the evidence.

■ In this case no diligence is shown on the part of appellants and no reason is given why the facts relied upon were not presented on the trial of the case.

The trial judge, who was familiar with the evidence adduced on the trial and who, after a hearing on the facts upon which appellants based their motion for new trial, overruled said motion and, in effect, held that there was no merit in appellants' contention and that the record in the case and testimony adduced on the trial thereof established the fact that said improvements were actually on the four acres in question.

■ Under their 5th and 6th points appellants assert that certain judgment lienholders are necessary parties to this suit. This contention cannot be sustained, for the reason that the rights of a mortgagee out of possession are in no way prejudiced or affected by a judgment for the land against his mortgagor and it is therefore not required that he be made a party to a suit for recovery of the land, (41 Tex.Jur., 618, § 127) and for the further reason that the jury found, on what we deem to be sufficient evidence, that appellee did not deed this property to Marie Lamb for the purpose of cutting off such judgment liens.

■ Appellants' contention that the damages awarded appellee against appellants for rents and for the use and occupancy of the improvements involved herein have no foundation of fact, since there is no showing of any rental value fixed thereon by the Office of Price Administration, cannot be sustained. Appellants did not urge any objection to the submission of an is-

sue to the jury on the question of rental value of said improvements, and there is no evidence in the record that the rental value as found was in excess of any rent ceiling authorized by the Office of Price Administration.

We have carefully considered all other points of appeal presented by appellants in their brief, and, finding no reversible error therein, judgment of the trial court must be in all things affirmed.

Affirmed.